All right, Ms. O'Guara, whenever you're ready. I thank you, Mr. Chairman, and hello, O'Guara, for Mr. Linney. Your Honor, the government got it wrong. There's no preponderance of the evidence that Mr. Linney committed the two burglaries on December 31, 2009. On the contrary, contrary to the government's position, and the court recognized in the Spann case that was decided after I originally briefed this case in February 2015, that the presence of accomplices makes it difficult to show that Mr. Linney or Mr. Spann in that case was present at two locations. If the court would look at the restitution worksheets, which are part of Shepard-approved documents because they were incorporated in the transcript of the plea that Mr. Linney signed. They were incorporated in the judgment, and although the government presented the judgments as part of his objections, they didn't include the restitution worksheets. The restitution worksheets start on page 263 of the joint appendix. On page 263, it indicates here restitution worksheets joined severally with co-defendants. And then on page 264, it specifically lists the property located at 319 North Oakwood Street, which is Ms. Conastione's property. It does not list 320 North Oakwood Street. Those were the two burglaries committed on December 31, 2009. The victim in the 320 North Oakwood Street was Mr. James Wilson. The restitution worksheets from pages 266 to 272 list the individual victims and the properties. Again, the victim of the 319 North Oakwood Street is listed. 320 is not listed. This is in the restitution order? Correct. Yes, Your Honor. On this question of whether there's an accomplice, I thought the restitution order was a little bit confusing, but the main facts to which the district court alluded were the fact that the indictments didn't include any reference, either in the bill of particulars or in the charging, to an accomplice or a co-defendant. If he was charged by himself and convicted by himself, there's just no reference to another person. We would have to – it seems to me the question of whether there's an accomplice or not is a factual question. The question is one of fact, and we would have to say that Judge Voorhees was clearly erroneous in his finding on that point, wouldn't we? And I think he was, and where I'm making the points is – You think he was clearly erroneous? Yes, Your Honor, because I think the facts show it, as I stated prior in the district court, in Mecklenburg County where I practice. Even though the indictments didn't include any reference, the indictments seem to me a lot more solid if you want to talk purely in Shepard terms, which I'm not sure Shepard applies on something like this as opposed to a modified categorical offense or predicate offense. But if the indictment doesn't include reference to any kind of accomplice or co-defendant, isn't that a solid basis for a district court's factual finding? I don't think so. The court says it may or may not, but one of the factors to be considered is if the defendant assented to a finding by the court. So in the district court, the court made the restitution. It was part of his plea. It was part of his plea agreement. It was part of the judgment. The worksheet is incorporated in the judgment. And what I was referencing is obvious. Since he wasn't ordered to make any restitution to the victim of 320 North Oakwood Street, that victim is not listed, the property is not listed on the pages. Maybe nothing was stolen? No. I believe something was stolen. But it seems to me that you've allowed yourself perhaps to be backed into a corner by saying that it's a clearly erroneous standard. Isn't the issue it's the government's burden of proof here and the government has to establish this? Perhaps it would be more helpful to me if you would talk about the burden of proof and how the burden of proof was not met from your point of view. And I can say that we go to the indictment. It's clearly the government's burden. They didn't establish the five factors. If we go back to the indictments, we know the offenses happened on December 31, 2009. We know one of the offenses happened from 7 p.m. to 10 p.m. We know the second offense happened from 8 p.m. to 10 p.m. We don't have a beginning or an end. All we do know is one may have commenced at 7 p.m. One may have commenced at 8 p.m. Both of them ended at 10 p.m. So we don't have any definite beginning or definite end. So the government hasn't met the burden to show that there are distinct criminal episodes, that he had an opportunity to complete one, contemplate, and then commence the other one. We just don't have that, even from the language of the indictment. He pleaded guilty to two of them, didn't he? I'm sorry? Didn't he plead guilty to two of them? He did, and then we go back to North Carolina sentencing or North Carolina pleas. You can be indicted as a principal. I know. That's right. But otherwise, if he didn't do them by himself, I mean, if he did them by himself, they have to be separate. The only way they can't be separate is if somehow there's an accomplice. And so where's the evidence that there's an accomplice? We go back to the transcript of plea that says, Joint and several with his co-defendants. We get back to the restitution sheet that lists one property, and I think we can all speculate that he entered 319 North Oakwood Street where restitution was ordered. He did not enter 320 North Oakwood Street, and it's not listed at all on the property. I could say maybe he didn't steal anything. That's why there's no restitution. He didn't steal anything. Couldn't find anything worth stealing, like he broke in my house. Couldn't find anything that he could resell. It could have been a vacant house. Well, we know it wasn't vacant because the victim is listed as a… But aren't you trying, in essence, to say that two burglaries are no different from one? But, I mean, these houses aren't on top of one another. Right. Excuse me. They're two separate houses, and they're separated by 30 feet. And if you ask the families, the Canachians and the Wilson families, two separate households were burglarized. And if we were to inform them that a court says, you know, well, it's all one and the same, you know, no, that's not how the families see it. And I agree, Your Honor, but there are five factors they have to be to support or to meet the burden in the totality of the circumstances. And they can meet the different geographic locations. They can meet that they're different victims. They cannot meet the fact that the offenses were substantially different because they're not. They cannot meet that the objectives were different. I don't believe there's any evidence that he had the intention to specifically target this house or target that house. And I think the main sticking point is that the government cannot establish that after committing the first-in-time offense, he had the opportunity to make a conscious and knowing decision to engage in the second one. We don't know when he entered 319 Oakwood. We don't know when he entered 320 Oakwood. But didn't Judge Traxler just pretty much nail it? Where is the evidence of an accomplice? Isn't that what really this case rises and falls on? Because North Carolina, there's an accomplice liability. It could be a simultaneous commission of an infirmary if you were guilty under an accomplice theory. So where is the evidence that there was an accomplice while he was busy at 319, that there's an accomplice busy at 320? And I'll say we know he pled to the burglaries in 319 and 320. What we know is that restitution was ordered in a number of cases covering about seven pages of restitution worksheet. Missing from that is 320 North Oakwood Street, which I will submit. I don't know when I went to get the file from the Iredell County Statesville. I couldn't find the co-defendant's file. I'm anticipating or speculating that the co-defendant broke into 320 North Oakwood Street. Okay, but you're saying the absence of evidence of an accomplice is sufficient for you to maintain your position, aren't you? No, I'm not saying that. And I don't think Spann said that. Spann was talking about internal inconsistencies in the documents. So I mean, it seems to me that we've got to find something in the record that shows an accomplice, don't we, in order to say that the government didn't meet its burden of proof? Yes, Your Honor. If we look at the indictment, we know the two offenses. We know the offense dates. We know the times. We don't know which one was broken into first or which one was broken into second. We don't have that. Why doesn't the government meet its burden of proof by introducing the indictments? Because normally people, you know, under Rule 8 or wherever, normally people who are in the states of the same way, normally people where you have overlapping facts and closely related facts, you would expect them to be charged together and you would expect them to be tried together. Those cases are not normally severed. And it's the kind of case in which you would have expected both criminal defendants, if there were indeed two, to have gone through various stages of the criminal justice process together. Because we see all these drug conspiracy cases and we see all kinds of multiple defendant cases. And the motion is made under, I think, it's Federal Rule Criminal Procedure 8 or 14 to sever. And we say no if it's perfectly permissible for the government to indict jointly and defendants who are indicted together should be tried together and those are sort of settled proposition. And wasn't it permissible for Judge Vores to indicate the strongest evidence I have is the fact that the indictments don't include any reference to an accomplice. I mean, you could have made a motion maybe for a bill of particulars or more if you thought there was an accomplice. I don't even know who this accomplice is. Do we even know who the accomplice is? Yes, it's listed in the restitution worksheet, Patrick Wagner. And, Your Honor, with reference to the indictments, it shows that if you look at the case numbers on the restitution worksheets, it includes his case numbers, Mr. Linnis, as well as Mr. Wagner's. And I think the record clearly shows the indictment doesn't help the government. We don't know when one crime started, when one ended, which house he entered into first, which one he exited. We don't have that. And I just wanted to add that he had a co-defendant in state court because he picked up the charge in 2013. The feds picked up the charge. That's why he has no co-defendants in federal court. Don't you think the restitution order is a little... I mean, you have to draw implications from it, don't you? No, I think it's very clear. And what is very clear is that 320 North Oakwood Street is not listed at all on his restitution worksheet. And I would assume that's because Mr. Wagner is completely responsible for entering that property. Thank you. Thank you. That's right. Thank you. May it please the court. The government satisfied its burden. I want to, and the district court did not clearly err in finding that there was not sufficient, that the government's evidence of a lack of an accomplice was adequate, but through the indictment itself. One thing that I want to note just in response to Ms. Aquara's argument is that if you review the indictments of the two robberies, there are items listed as stolen under both of the other two robberies. That is to say, the 320, if I'm getting it right, the Corncione robbery, there's items listed. And then on the one that was a year earlier, there are also items listed as stolen, but there happen to be no items listed as stolen in the Wilson robbery, which is the one that's not listed on the restitution worksheet. But I think that the broader and more. . . Well, he could have been recovered. Sure. Lots of items were stolen but recovered. Or maybe he didn't ever follow through and request restitution. You know, there could be any number of reasons why he doesn't appear on the restitution worksheet, but I think the question is, could Judge Voorhees reasonably conclude in looking at all of the evidence that there was. . . Because I do agree with Judge Keenan that the only argument they have, really, is the existence of an accomplice. But no court that I'm aware of has ever held that the government has to prove that negative. There has to be some evidence of an accomplice. And Judge Voorhees, the question is whether he could reasonably conclude that that evidence did not exist or was not persuasive. He considered the restitution worksheet. And what he said was that that did not overcome the information in the indictment that suggests a lack of accomplice. And in our brief, we went ahead and looked more carefully at the restitution worksheet and showed how, in North Carolina, the way it was done, it was very specific as to each victim whether there was an accomplice, and there was no accomplice listed for the only one of those two robberies. So there's just no evidence on the record that there was an accomplice that night. The fact that the time periods overlap is not an issue because it simply says sometime between the hours. How long a period of time was it? Was it about three hours? In one, it was two hours, Your Honor, and in the other, it was three. So it was between the hours of 7 and 10 p.m. as to one of the residences, and it was between the hours of 8 and 10 as to the other. I have to assume the victim... There was plenty of time for somebody to burglarize two houses. Sure, and not only that, but there is... Especially when they're close by. Right, neighboring houses. And the defendant acknowledged that they were neighboring houses. Those are different locations. How do you distinguish the decision in Spann? Your Honor, I distinguished Spann in a couple of reasons. And we litigated Spann, and so I'm fairly familiar with it. And the big issue in Spann was that we had state court documents that were contradictory. So we had a judgment that listed certain dates, we had the plea transcript that listed certain dates, and we had the judgments that listed different dates. And what Judge Cogburn had done in Spann was to credit the plea transcript as the correct dates, which showed that those, I think they were armed robberies, I know they were of pawn stores, that those had been committed on separate dates. And what this court held in Spann was that Judge Cogburn really wasn't authorized to distinguish between those three kinds of documents, that there was no reason, in other words, for him to credit the plea transcript over the judgment. The judgment listed the same date for three of the prior robberies in Spann. And so this court held that there was not adequate evidence to support the court's crediting of one version of the dates versus the other. Here, we just don't have any conflict like that. The state court documents are consistent that they were committed on the same date, but we don't, the other thing about Spann I would note is that, and I would say that if you read Spann, the holding really is this issue with the separate dates, and the different contradictory dates. The issue on the accomplice in Spann, then the court goes on to say, and by the way, there happens to be a notation that there was joint and several liabilities, so perhaps there was a co-defendant. Excuse me, go ahead. Go ahead. You go ahead. Okay. Well, because this is the government's burden of proof, tell me what you proved. We proved... Not just the conclusion, but actually what did you prove? We proved that there were two burglaries, that they were next to each other, so they were different locations, they were different victims, and this goes to the letter load factors. We also proved that the indictments did not name any other person. In fact, the indictments themselves say that the defendant broke into, the language is the defendant broke and entered the dwelling house. So those indictments didn't list a co-defendant and specifically alleged that the defendant broke and entered the dwelling house. And I think that from that evidence, from that totality of that evidence, Judge Voorhees had substantial evidence from which he could conclude that the burglaries may have been committed on the same night, but that the defendant had the opportunity to leave one and decide whether or not to enter the other because the court could reasonably conclude that there was no evidence that there was a co-defendant or an accomplice on that night. I'm not familiar enough with the indictment process that would have occurred here. Would the indictment ordinarily have listed an accomplice had there been one? I don't know that I can speak to that honestly, Judge Keenan. I think that it is a fair inference when an indictment lists one defendant and when the indictment says that that defendant broke into and does not allege, and I understand that under North Carolina law there is no legal requirement that the government allege aiding and abetting, for example, liability. However, there is also no requirement that I'm aware of that the government prove no accomplice and we don't have any information on this record and those indictments support the conclusion that he did it by himself. Well, not necessarily is what I'm saying. Sure. I can only tell you from Virginia, but in Virginia you would never have an accomplice being listed, okay? And I don't know if that's the case in North Carolina or not. The record doesn't seem to speak to that. It doesn't. Nobody developed that in the district court, but I would say that even if it didn't name an accomplice, it might say or aided and abetted. It might at least provide some legal underpinning to some assertion. That's certainly what we do in federal court, but I agree with Your Honor that it could be different. But I also understand and I really do want to speak, though, to this notion because if Your Honor's question, which the implication is, well, without anything the government has to prove this negative, and that can't be the law. I mean, it can't simply be that the government has to, in all of these Armed Career Criminal Act cases, when we have a string of burglaries, that we have to affirmatively prove the absence. You know what bothers me, though, Ms. Ray, is he got twice what he would have gotten. Sure. And so it seems to me the government has to prove something, and that's what I'm grappling with. And it seems kind of thin to me to double somebody's sentence and give them years and years more in the penitentiary. I think we have to take a close look at exactly what's required. Absolutely. You know, it's just not a slight enhancement of, you know, a year. I understand. Getting the dump truck loaded on them. Well, I do understand that, and I actually do appreciate the significance and the difference in sentence that Mr. Linney would have received. But there is a clear error standard of review that applies regardless of the sentence difference. There is, and we produced the district court or the state court documents, none of which suggested fairly that there was an accomplice. So to reach that conclusion would have to be the government produces all the documents that we have, there's no evidence of an accomplice, and yet we have to prove that one didn't exist. As a practical matter, would you expect that if there were an accomplice, that the two would go through the criminal justice process together just because of efficiency reasons? Judge Wilkinson, I would think so, but I would not. I just wouldn't feel comfortable saying that that would happen. You mean as an efficiency? Sure. As a matter of efficiency, one would think that that's the way it would work. There could be a detainer on somebody placed for a more serious crime, and they could be going off to be prosecuted in another state for that. Right. I mean, I think as a matter of efficiency, one would presume that's the way it would be, and I would suggest that when they consolidate, as we've had problems with 25 offenses and the same judgment, North Carolina appears to be all about efficiency, at least in some parts of the litigation process. Well, unfortunately, defendants, they're not always that interested in the state's efficiency. Sure. Deciding when they're going to plead guilty. Right. And I guess the other thing that I want to note, though, just in terms of the extent to which we consider the impact of the difference, there was a huge impact. But I also note that Judge Voorhees sentenced Mr. Linney to the top of the guideline range once he got the opportunity to do so. So this is a defendant who committed 28 robberies, 31 victims, and Judge Voorhees, who does not always sentence at the top by any means, chose to impose that sentence. He would not have been legally able to impose that sentence without the enhancement, and I recognize that. But just for atmospherics, I want to be clear that this wasn't a case where Judge Voorhees thought this was an unfair sentence. I think at the end of the day that it comes down to whether or not this court is going to require the government to prove a negative. When you have a proof scheme and it's clear that the government bears the burden of proof, then when the government puts in the evidence that it has and the evidence, it was certainly not negligible. Within a proof scheme, you say, well, there was a burden of establishing a prima facie case, and then the burden shifts, and then there's a burden of production on another point, and then there's a question of pretext and everything. But the point is that burdens of production shift within ultimate burdens of proof. There's no question that the government bears the burden of going forward with what it has. There's no question that the government bears the ultimate burden of proof. But within proof schemes where you're faced with adverse evidence and you've got a trier of facts sitting up there, it's incumbent upon you to at least suggest some reason, some plausible reason why the government's evidence might not be so. Right, and I think that that's fair. And I note that Ms. Okwara in the district court did exactly that. She went to state court and she tried to find evidence of an accomplice. And she was not able to find that and speculates as to why that might have been. But at the end of the day, I think it's a fair burden of production to say to a defendant, look, if the government produces the documents and there's no indication of an accomplice, you at least have to show that there is one and credible proof. And here what proof they produced, Judge Voorhees simply didn't find that it outweighed it and said that's not enough to overcome the preponderance of the evidence that I find that there was no accomplice. And that these were two, this was a single person committing two second degree burglaries on the same night in neighboring houses. So I think that the government did all that it could have, all that it could reasonably be expected to do, and satisfied the burden of proof, particularly under the deferential standard of review that this court applies on review. If your honors have no further questions, thank you. Thank you, Ms. Wright. Ms. Okwara, you have some time remaining. Ms. Okwara, could you start by telling us whether the government has to prove the negative? Does the government have to prove there was not an accomplice? No, they don't have to, but they haven't met their burden to prove that there was a distinct crime. We're giving the court an example of why they're simultaneous. And the possibility for being simultaneous is because the government cannot show when the first crime was committed and concluded, and then he had an opportunity to reflect and then go do the second one. So you're relying then really very, very heavily on the overlapping time period. On the overlapping time, there's no break. We don't really know which house was broken into first, which house was broken into second, when that happened, when it didn't happen. What we have is, and probably the government doesn't know, and the indictment shows we believe it, one happened between 7 p.m. and 10 p.m., and the other one happened between 8 p.m. and 10 p.m. No one knows when that happened. And if they can meet that burden, they can show that there's sequential crimes. And I'll go back to the transcript of plea. It references co-defendants. It references co-defendants. So I'm not just relying on the worksheet. The transcript of plea talks about co-defendants, about restitution, being joint, and several. The court would not... Co-defendants at different addresses, right? Co-defendants at some of the addresses, and some of the restitution worksheet does not even appear on the cases that he pled to, that he's been held responsible for. Those cases appear on Joint Appendix 159 to 160, and then some of the cases are not listed, and the one that he objected to, which is on page, the lady who wanted $108,000 on page 161. I looked through it. It doesn't even appear on the cases that he pled to. So it's convoluted, but I think the government hasn't met its burden to show that they're sequential. And what I did was try to show that it's more likely than not that an accomplice was involved. And as far as the sentence he received, Your Honor, he actually received three times the sentence he was supposed to get. The first pre-sentence report did not indicate he was a NAMM career criminal. His sentencing range was 84 months to 100, and I believe it was 105 months. When the government filed the objection... The district court had the discretion to sentence him to a much lower point in the guidelines range? Before he was determined to be a NAMM career criminal, his range was 84 to 105. Then when the government filed the objection and the pre-sentence report was modified, his minimum came to 15, which was 188. From his guideline range, 188 to 235, and Judge Borges gave him the maximum, which was 235 months. So it's a very serious... But he was within his discretion to give him substantially less? Substantially less would have been 180 months, which would be the 15-year mandatory minimum. Which would be the mandatory minimum. Right, which would have still been more than double what he would have gotten if his range was 184 months at the minimum. Or the maximum he would have gotten without the ARCA enhancement would have been 105 months, or no more than 120 months. So he got almost double what he could have gotten, even if the court had enhanced him to the maximum by doing an upward departure. Do you have any other questions? Do you have any more arguments you want to make? Yes, Your Honor. I think the government has not met his burden, and I think although SPAN dealt with whether the court could rely on, the district court could rely on pre-sentence report, the court in SPAN also addressed, and I'm looking at the opinion where it says, given that we cannot conclude with any confidence what did the offenses committed, or if they were committed on the same day, or whether they occurred in quick succession as part of continuous code of conduct, the court hesitates to assign any significant weight to the little or no factor. The court then went on to say, the assessing whether SPAN had an opportunity to make a conscious and knowing decision to engage in one offense after the other. SPAN could have committed the robberies at the pawn mart all at once, or within a short period of time. The court went on to say, we lack credible information from the government to make the distinction between the former and the latter. The fact that two robberies occurred in separate locations would ordinarily indicate at least two separate criminal episodes because SPAN cannot be in two places at once. However, as described below, SPAN could have acted with an accomplice. I think it's the same thing we have here. The indictment doesn't really help the government. We know the offense date. We have that. We don't know when the burglaries occurred. We don't know which one started first, which one ended, when one started, when one ended. The evidence that we provided to the district court and to this court is, it's more likely than not that he acted with an accomplice. And I think, considering the severity of the sentence that Mr. Linney received, he just turned 26, I think, in January or February, to go to prison for almost 19 and a half years, based on this type of evidence, should not be allowed. The government has not met its burden to show that these offenses were not simultaneous, that they were sequential. They just haven't met all the five literal factors. We agree. It wouldn't have to meet all five. It's a question of the totality of circumstances, and normally in a totality of circumstances, a district court deserves some deference. Right. And I don't think the district court made the findings that are required. The district court said, you know, it's burglaries and chances are basically that. I mean, there's no error of law here. He knew what the five factors were. Correct. And I don't think the government met that. I think they met some of the five factors. But if you look at the severity of the sentence and that the government has just not provided any evidence that he committed both of these or that they were sequential, I think the court needs to vacate the sentence and send it back. The government makes the point that once they introduced what evidence they had, there was some obligation on your part to put the matter in issue. Which I did. With evidence of your own. Right. I went and got the restitution worksheets. I was at the clerk's office. They just could not locate the co-defendant's file because I wanted to see if Mr. Linney was mentioned, and I was there for hours, and they just couldn't locate the file. So I did my own due diligence, and unfortunately that's all I have. So they gave me a copy of the restitution worksheet, which was part of the judgment that the government did not attack. So that's why I went and did that. But I did what I could. And the court inquired about whether accomplices are usually listed in indictments. I practice in Charlotte, in Mecklenburg County. Sometimes they're listed if you're charged with conspiracy. They usually will not charge with aiding and abetting, but they may say conspiracy. Then if they don't charge you, they might say as a sentencing issue, you'll stipulate that you were not charged if they're seeking an aggravating sentence. But normally just because an accomplice is not listed in his indictment doesn't mean there was not an accomplice. Okay. Thank you. Ms. O'Farrill, I note you're a co-defendant, and we appreciate you representing Mr. Linney. Thank you. I'll ask the clerk to adjourn court, and we'll come down and greet counsel. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: William B. Traxler, Jr., J. Harvie Wilkinson III, Barbara Milano Keenan